## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| HUNTER WILLIS and JESSICA WILLIS, | |
| **Plaintiff,** | Civil Action No.: _____ |
| **v.** | |
| LATIUM USA TRADING, LLC d/b/a Superior Mason Products; LATIUM USA TRADING, LLC d/b/a Latium Investments Partnership; MICHAEL TURNER; and UNITED STATES FIRE INSURANCE COMPANY, | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

## COMPLAINT FOR DAMAGES

Plaintiffs HUNTER WILLIS and JESSICA WILLIS hereby file this Complaint for Damages against LATIUM USA TRADING, LLC d/b/a Superior Mason Products, LLC, LATIUM USA TRADING, LLC d/b/a Latium Investments Partnership, MICHAEL TURNER, and UNITED STATES FIRE INSURANCE COMPANY, and show the following:

### PARTIES, JURISDICTION, AND VENUE

1.

Plaintiffs Hunter Willis and Jessica Willis are residents of Jones County, Georgia and are subject to the jurisdiction of this Court.

2.

Defendant Latium USA Trading, LLC d/b/a Superior Mason Products, hereinafter referred to as "Superior Mason Products", is a limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. Latium

manufactures and distributes residential and commercial building supplies and products for sale across the United States, including the State of Georgia, and frequently transports its products and supplies and transacts business via the roadways across the State of Georgia, deriving substantial revenue from its use of the State of Georgia's roadways and related goods and services. Latium's registered agent for service of process of the instant Complaint along with Summons is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

3.

Defendant Superior Mason Products is subject to personal jurisdiction in Georgia pursuant to O.C.G.A. §9-10-91 as it transacts business in the State of Georgia, it committed a tortious act or omission within the State of Georgia, and/or it committed a tortious injury in the State of Georgia by an act or omission outside the State of Georgia.  Superior Mason Products regularly does or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from good used or consumed or services rendered in the State of Georgia.

4.

Defendant Latium USA Trading, LLC d/b/a LLC d/b/a Latium Investments Partnership, hereinafter referred to as "Latium", is a limited liability company formed and existing under the laws of the State of Delaware, with its principal place of business in the State of New York. Latium manufactures and distributes residential and commercial building supplies and products for sale across the United States, including the State of Georgia, and frequently transports its products and supplies and transacts business via the roadways across the State of Georgia, deriving substantial revenue from its use of the State of Georgia's roadways and related goods and services.  Latium's registered agent for service of process of the instant Complaint along with Summons is Corporation Service Company, 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

2

5.

Defendant Latium is subject to personal jurisdiction in this Court as it is and was at all times relevant authorized by the Secretary of State of Georgia to do or transact business in this State, and therefore is a resident of this State.  In the alternative, Latium is subject to the personal jurisdiction in Georgia pursuant to O.C.G.A. § 9-10-91 as it transacts business in this state, it committed a tortious act or omission within the state, and/or it committed a tortious injury in this state caused by an act or omission outside this state.  Latium regularly does or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of Georgia.

6.

Defendant Michael Turner is a resident and citizen of the State of Alabama.  At all times relevant, Mr. Turner was engaged in the business of transporting products throughout the State of Georgia and/or over the roadways of Georgia on behalf of Defendants Superior Mason Products and/or Latium.  Mr. Turner may be served with process by delivering a Summons and copy of this Complaint to him at 102 Sumner Drive in Calera, Alabama 35040.

7.

Michael Turner is subject to personal jurisdiction and venue of this Court pursuant to O.C.G.A. § 9-10-91 as he committed a tortious act or omission within the State of Georgia or, in the alternative, pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. §40-12-1, *et seq.*

8.

At all times relevant, Mr. Turner was an actual or ostensible agent, servant, and/or employee of Superior Mason Products and/or Latium and was acting within the scope of such

3

employment or agency.  Superior Mason Products and/or Latium are vicariously liable for the actions and inactions of Michael Turner.

9.

Defendant United States Fire Insurance Company, hereinafter referred to as "U.S. Fire" is a New York insurance company with its principal place of business in the State of New Jersey. U.S. Fire issues, delivers, and performs insurance contracts throughout the State of Georgia. U.S. Fire may be served with process by delivering a Summons and copy of this Complaint to its registered agent for service of process, CT Corporation System, 289 S. Culver St., Lawrenceville, Georgia 30046.

10.

Defendant U.S. Fire is subject to personal jurisdiction in Georgia because it is and was at all times relevant, authorized by the Secretary of State of Georgia to do or transact business in this state, and therefore is a resident of the State of Georgia.  In the alternative, U.S. Fire is subject to personal jurisdiction in Georgia pursuant to O.C.G.A. § 9-10-91 as it transacts business in this state, it committed a tortious act or omission within the state, and/or it committed a tortious injury in this state caused by an act or omission outside this state.  U.S. Fire regularly does or solicits business, or engages in another persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the State of Georgia.

11.

Defendant U.S. Fire issued a policy of insurance, No. 1337480307, to Defendant Latium Investments Partnership under which Defendant Superior Mason Products and/or Defendant Turner was an insured, which was in effect at all times relevant hereto. U.S. Fire is subject to suit by direct action pursuant to O.C.G.A. § 40-1-112.

4

12.

This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) as complete diversity exists among parties and the amount in controversy exceeds $75,000.00, exclusive interest and costs.

13.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events or omissions giving rise to this action occurred in Putnam County, Georgia.

## EVENTS FORMING THE BASIS OF THE CLAIMS

14.

The preceding paragraphs are incorporated and re-alleged as if fully set forth herein.

15.

On or about Wednesday, November 4, 2020 at approximately 10:30 a.m., Plaintiff Hunter Willis was operating his vehicle and was traveling north on GA Highway 44, a two-lane road, approximately .8 miles south of GA Highway 212 in Putnam County, Georgia.

16.

Directly behind Mr. Hunter was a vehicle owned and operated by Judith Fielder of Eatonton, Georgia.

17.

At approximately the same time, a 2018 Freightliner M2 truck owned and/or maintained by Defendants Superior Mason Products and/or Latium and operated by Defendant Michael Turner was traveling south on GA Highway 44 approaching the aforementioned intersection with GA Highway 12.

5

18.

The Freightliner M2 truck had a gross vehicle weight of more than 10,001 pounds.

19.

Defendant Latium is a registered motor carrier, USDOT No. 2433757.

20.

Defendant Latium is a motor carrier as defined by O.C.G.A. § 40-1-100(12).

21.

The Freightliner M2 truck is a commercial motor vehicle as defined in 49 C.F.R. § 390.5.

22.

The Freightliner M2 truck is a scheduled vehicle under the US Fire liability policy.

23.

Defendant Turner was driving behind multiple vehicles on Georgia Highway 44, including a farm tractor.

24.

At the place Defendant Turner was driving, Georgia Highway 49 consisted of two travel lanes separated by a double-yellow/non-passing line governing traffic in that area.

25.

A double-yellow line indicates that passing on the left is prohibited.

26.

At the place Defendant Turner was driving, the sight distance was reduced in front of him because Georgia Highway 44 curved to Defendant Turner's right.

27.

Defendant Turner attempted to pass the farm tractor and other vehicles ahead of him by crossing the double-yellow line and into the northbound lane.

28.

Defendant Turner illegally, negligently, and recklessly crossed a double-yellow line in an attempt to pass the vehicles in front of him.

29.

Defendant Turner negligently and recklessly entered the northbound lane at a location in which reduced sight distanced restricted his ability to see oncoming traffic.

30.

Defendant Turner negligently and recklessly obstructed the northbound lane.

31.

Defendant Turner negligently and recklessly failed to keep a proper lookout for oncoming traffic.

32.

When Defendant Turner entered the northbound lane, Plaintiff was confronted with Defendant Turner's vehicle heading straight towards him.  Plaintiff had to take evasive action to avoid a head-on collision with Defendant Turner.

33.

Plaintiff promptly slowed his vehicle and moved to the east (right) edge of his lane as there was a drop-off and no shoulder on the east of the northbound lane.

34.

Judith Fielder also slowed her vehicle and moved to the east edge in an effort to avoid a collision with the Freightliner M2 truck, but in the process of doing so, collided with the rear of Plaintiff's truck.

35.

At all relevant times leading up to the collision, Plaintiff operated his vehicle reasonably.

36.

Plaintiff was not negligent, and no act or omission by Plaintiff caused or contributed to the collision.

37.

Judith Fielder was not negligent, and no act or omission by Judith Fielder caused or contributed to the collision.

38.

Defendant Turner did not stop or otherwise respond to the collision.

39.

Defendant Turner continued southbound on Georgia Highway 44 and into Jones County, Georgia until he was stopped by law enforcement in the City of Gray, Georgia, approximately 14 miles from the site of the collision.

40.

Defendant Turner was wearing headphones that covered his ears at the time of the collision.

41.

Despite causing serious injuries to Plaintiff or Judith Fielder, Defendant Turner illegally and callously left the scene of the collision.

42.

Defendant Turner illegally, negligently, and recklessly failed to render aid at the crash site or to call for emergency services.

43.

Defendant Turner negligently and recklessly caused the collision between the Willis and Fielder vehicles.

44.

Plaintiff was transported by emergency services to Putnam General Hospital in Eatonton, Georgia for medical treatment following the collision.

45.

As a result of this motor vehicle collision, Plaintiff suffered injuries including, but not limited to, facial and nasal bone fractures, cervical pain, and a disc bulge at L4-5 level of his lumbar spine which required surgical intervention. Plaintiff has incurred and continues to incur damages as a direct and proximate result of this collision, including but not limited to medical costs in excess of $173,000.00 and pain and suffering, both physical and mental.

46.

At all times relevant hereto, Defendant Turner was an agent, servant, and/or employee of Defendant Superior Mason Products and/or Defendant Latium and was acting within the course and scope of such employment or agency. Under the laws of the State of Georgia, an employer is vicariously liable for the negligent acts or omissions of its agents, servants, and employees.

47.

Defendant Turner was cited for passing in a no-passing zone, in violation of O.C.G.A. § 40-6-46.

48.

Defendant Turner failed to appear for his court date or to pay the fine, and a bench warrant was issued on February 4, 2021, which remains outstanding.

## COUNT I

## NEGLIGENCE

49.

The preceding paragraphs are incorporated and re-alleged as if full set forth herein.

50.

Defendant Turner had a duty to act reasonably so as not to cause injury to others on the road.

51.

Defendant Turner failed to act reasonably, breached his duty, and was negligent in one or more of the following ways:

a.   Entering the northbound lane by crossing a double yellow line;

b.   Passing other vehicles where passing was prohibited;

c.   Passing other vehicles where sight distances were restricted;

d.   Obstructing the northbound lane of travel;

e.   Failing to yield to a vehicle with the right-of-way;

f.   Failing to maintain a proper look out for other vehicles; and/or

g.      Failing to stop at the scene of an accident and to render aid or call for emergency services.

52.

Defendant Turner's negligence directly and proximately caused the collision between the Willis and Fielder vehicles.

53.

Defendant Turner's negligence directly and proximately caused, in whole or in part, Plaintiff's injuries and damages.

54.

Defendant Superior Mason Products and/or Defendant Latium are liable under the doctrine of *respondeat superior* for the negligence of Defendant Turner.

55.

Plaintiff is entitled to recover from Defendants for his injuries and damages, including but not limited to past, present, and future pain and suffering, past, present, and future medical expenses, and other economic and non-economic losses.

## COUNT II

## NEGLIGENCE *PER SE* (GEORGIA RULES OF THE ROAD)

56.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

57.

Defendant Turner was under a duty to follow the Georgia Rules of the Road, the violation of which constitutes negligence *per se*.

58.

Defendant Turner was negligent *per se* for violating one or more rules of the road intended to protect persons such as Plaintiff from injury, including but not limited to the following:

a.   Passing another vehicle in a no-passing zone, O.C.G.A. § 40-6-46;

b.   Passing on the left where the left side was not clearly visible, O.C.G.A. § 40-6-44;

c.   Passing on the left where the left side was not free of oncoming traffic, O.C.G.A. § 40-6-44;

d.   Failure to yield the right-of-way to vehicles traveling in the proper direction, O.C.G.A. § 40-6-40;

e.   Failure to stop and to render assistance at the scene of an accident, O.C.G.A. § 40-6-270;

f.   Wearing a headset or headphone which would impair ability to hear, O.C.G.A. § 40-6-250;

g.   Engaging in actions which distracted him from safe operation of the vehicle, O.C.G.A. § 40-6-241;

h.   Failure to exercise due care, O.C.G.A. § 40-6-93; and/or

i.   Reckless driving, O.C.G.A. § 40-6-390.

59.

Defendant Turner's negligence *per se* directly and proximately caused, in whole or in part, Plaintiff's collision.

60.

Defendant Turner's negligence *per se* directly and proximately caused, in whole or in part, Plaintiff's injuries and damages.

61.

Defendant Superior Mason Products and/or Defendant Latium are liable under the doctrine of *respondeat superior* for the negligence of Defendant Turner.

62.

Plaintiff is entitled to recover from Defendants for his injuries and damages, including but not limited to past, present, and future pain and suffering, past, present, and future medical expenses, and other economic and non-economic losses.

## COUNT III

## NEGLIGENCE *PER SE* (FEDERAL MOTOR CARRIER SAFETY REGULATIONS)

63.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

64.

Defendant Turner was under a duty to follow the Federal Motor Carrier Safety Regulations, the violation of which constitutes negligence *per se*.

65.

Defendant Turner was negligent *per se* for violating one ore more regulations intended to protect persons such as Plaintiff from injury, including but not limited to the following:

a.   Failure to operate a commercial motor vehicle in accordance with the laws of Georgia, 49 C.F.R. § 392.2; and/or

b.   Driving while fatigued, 49 C.F.R. § 392.3.

66.

Defendant Turner's negligence *per se* directly and proximately caused, in whole or in part, Plaintiff's collision.

67.

Defendant Turner's negligence *per se* directly and proximately caused, in whole or in part, Plaintiff's injuries and damages.

68.

Defendant Superior Mason Products and/or Defendant Latium are liable under the doctrine of *respondeat superior* for the negligence of Defendant Turner.

69.

Plaintiff is entitled to recover from Defendants for his injuries and damages, including but not limited to past, present, and future pain and suffering, past, present, and future medical expenses, and other economic and non-economic losses.

## COUNT IV

## NEGLIGENT HIRING/RETENTION

70.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

71.

Defendant Superior Mason Products and/or Defendant Latium owed a duty not to hire or retain drivers they knew or should have known posed a risk of harm to others.

14

72.

Defendant Superior Mason Products and/or Defendant Latium breached that duty when they negligently hired, contracted with, and/or retained Defendant Turner as a driver and failed to exercise ordinary care to determine his fitness for the task of operating a commercial motor vehicle.

73.

Defendant Superior Mason Products and/or Defendant Latium's negligence directly and proximately caused, in whole or in part, Plaintiff's collision.

74.

Defendant Superior Mason Products and/or Defendant Latium's negligence directly and proximately caused, in whole or in part, Plaintiff's injuries and damages.

75.

Plaintiff is entitled to recover from Defendant Superior Mason Products and/or Defendant Latium for his injuries and damages, including but not limited to past, present, and future pain and suffering, past, present, and future medical expenses, and other economic and noneconomic loss.

## COUNT V

## NEGLIGENT TRAINING AND SUPERVISION

76.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

77.

Defendant Superior Mason Products and/or Defendant Latium owed a duty to train and/or supervise their drivers in safely and prudently operating a commercial motor vehicle in compliance with federal and local laws and regulations.

78.

Defendant Superior Mason Products and/or Defendant Latium breached their duty when they failed to exercise ordinary care to properly train and/or supervise Defendant Turner and to ensure his fitness for the task of operating a commercial motor vehicle.

79.

Defendant Superior Mason Products and/or Defendant Latium's negligence directly and proximately caused, in whole or in part, Plaintiff's collision.

80.

Defendant Superior Mason Products and/or Defendant Latium's negligence directly and proximately caused, in whole or in part, Plaintiff's injuries and damages.

81.

Plaintiff is entitled to recover from Defendant Superior Mason Products and/or Defendant Latium for his injuries and damages, including but not limited to past, present, and future pain and suffering, past, present, and future medical expenses, and other economic and noneconomic loss.

## COUNT VI

## LOSS OF CONSORTIUM

82.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

83.

As a further direct and proximate result of the acts and omissions of Defendants as alleged herein, Plaintiff Jessica Willis has been deprived of the society, companionship, and consortium of Plaintiff Hunter Willis.

84.

Plaintiff Jessica Willis is entitled to recover from her damages for loss of consortium.

## COUNT VII

## DIRECT ACTION

85.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

86.

Defendant U.S. Fire was the insurer of Defendant Superior Mason Products and/or Defendant Latium at all times relevant to the allegations in this Complaint and issued a liability policy to comply with the filing requirements under Georgia law.

87.

Defendant Superior Mason Products and/or Defendant Latium is a motor carrier that is required to comply with the filing requirements identified in O.C.G.A. § 40-1-112.

88.

At all relevant times, Defendant Turner was driving the Freightliner on behalf of Defendant Superior Mason Products and/or Defendant Latium and was an additional insured under the U.S. Fire liability policy.

17

89.

Plaintiffs have a cause of action in tort against Defendant Turner arising from his actions or inactions while operating a commercial motor vehicle on behalf of Defendant Superior Mason Products and/or Defendant Latium.

90.

Defendant Superior Mason Products and/or Defendant Latium are liable under the doctrine of *respondeat superior* for the negligence of Defendant Turner.

91.

Plaintiffs have causes of action in tort against Defendant Superior Mason Products and/or Defendant Latium for Defendant Turner's negligence and for Defendant Superior Mason Products and/or Defendant Latium's negligence in hiring, retaining, training, and/or supervising Defendant Turner.

92.

Regardless of Defendant Superior Mason Products and/or Defendant Latium's compliance or non-compliance with the statutory filing requirements, Plaintiffs may join its insurance carrier, United States Fire Insurance Company, in this cause of action pursuant to O.C.G.A. § 40-1-112.

93.

Defendant U.S. Fire is subject to a direct action pursuant to O.C.G.A. § 40-1-112.

94.

Defendant U.S. Fire is directly responsible for any judgment rendered against Defendant Turner and/or Defendant Superior Mason Products and/or Defendant Latium pursuant to the direct action provision in O.C.G.A. § 40-1-112.

18

95.

Plaintiffs are entitled to recover from Defendant Superior Mason Products and/or Defendant Latium for their injuries and damages, including but not limited to past, present, and future pain and suffering, past, present, and future medical expenses, loss of consortium, and other economic and noneconomic loss.

## COUNT VIII

## PUNITIVE DAMAGES

96.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

97.

Defendant Superior Mason Products, Defendant Latium and/or Defendant Turner's actions, which include but are not limited to crossing a double-yellow line to pass in a no-passing zone, entering into the opposite lane of travel despite insufficient sight distances, and fleeing the scene of the wreck, were willful, reckless, and displayed that entire want of care which would raise the presumption of conscious indifference to the consequences.

98.

Punitive damages should be imposed in an amount sufficient to penalize Defendants Superior Mason Products, Latium, and/or Turner and to deter such willful, wanton, and reckless conduct in the future.

99.

Plaintiffs are entitled to recover punitive damages from Defendants pursuant to O.C.G.A. § 51-12-5.1.

19

## COUNT IX

## EXPENSES OF LITIGATION, O.C.G.A. § 13-6-11

100.

The preceding paragraphs are incorporated and realleged as if fully set forth herein.

101.

Defendants Superior Mason Products, Latium, and/or Defendant have acted in bad faith, been stubbornly litigious, and/or have caused Plaintiffs unnecessary trouble and expense.

102.

Defendant Turner's actions in attempting to pass in a no-passing zone with limited sight distance, wearing over-the-ear headphones that distracted him and impaired his ability to hear, leaving the scene of the wreck, and failing to pay his traffic citation or to appear for his court date demonstrate bad faith in the underlying actions leading to this lawsuit.

103.

Plaintiffs are entitled to recover the expenses of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

WHEREFORE, Plaintiffs pray and respectfully demand as follows:

A.     That summons and process issue and the Defendants be served with this Complaint as required by law and the Defendants be required to appear and answer;

B.     That judgment be entered in favor of the Plaintiffs and against the Defendants;

C.      That Plaintiffs receive a TRIAL BY JURY;

D.     That Plaintiffs be awarded all past and future medical bills, past and future pain and suffering, loss of consortium, and all other economic and noneconomic damages in

such an amount as may be shown by the evidence and determined by the trier of fact;

E.    That Plaintiffs be awarded all compensatory, general, special, punitive, and other

damages allowable by law as may be shown by the evidence and determined by the

trier of fact;

F.    That Plaintiffs have and recover punitive damages from Defendants, jointly and severally,

in an amount sufficient to deter them from similar future activity;

G.    That Plaintiffs be awarded all costs, attorneys' fees, and other expenses attributable to

this action; and

H.    That Plaintiffs be granted such other and further relief as this Court may deem just

and proper.

Respectfully submitted this 20th day of September, 2022.


**REYNOLDS, HORNE & SURVANT**


W. CARL REYNOLDS
GA Bar No. 601900


O. WENDELL HORNE
GA Bar No. 367485


BRADLEY J. SURVANT
GA Bar No. 692820
*Attorneys for Plaintiffs*


P.O. Box 26610
Macon, Georgia 31221-6610
(478) 405-0300
firm@reynoldsinjurylaw.com

## SERVICE INSTRUCTIONS

Please serve Defendant Latium USA Trading, LLC d/b/a Superior Mason Products, LLC through its registered agent for service of process, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 by the Sheriff of Gwinnett County, Georgia.

Please serve Defendant Latium USA Trading, LLC d/b/a Latium Investments Partnership, LLC through its registered agent for service of process, Corporation Service Company, at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092 by the Sheriff of Gwinnett County, Georgia.

Please serve Defendant United States Fire Insurance Company through its registered agent for service of process, CT Corporation System, at 289 S. Culver St., Lawrenceville, Georgia 30046 by the Sheriff of Gwinnett County, Georgia.

Please serve Defendant Michael Turner at 102 Sumner Drive in Calera, Alabama 35040 by the Sheriff of Shelby County, Alabama.

Please serve Plaintiff's uninsured/underinsured motorist carrier, GEICO General Insurance Company through its registered agent for service of process, CT Corporation System, at 289 S. Culver St., Lawrenceville, Georgia 30046 by the Sheriff of Gwinnett County, Georgia.